FILED & ENTERED

JAN 16 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re: Verity Health System of California, Inc., *et al.*,<br><br>　　　　Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital Foundation<br>☐ Affects St. Francis Medical Center of Lynwood Medical Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose Dialysis, LLC<br><br>　　　　Debtors and Debtors in Possession. | Lead Case No.:　2:18-bk-20151-ER<br>Chapter:　　　　11<br><br>Jointly Administered With:<br>Case No. 2:18-bk-20162-ER;<br>Case No. 2:18-bk-20163-ER;<br>Case No. 2:18-bk-20164-ER;<br>Case No. 2:18-bk-20165-ER;<br>Case No. 2:18-bk-20167-ER;<br>Case No. 2:18-bk-20168-ER;<br>Case No. 2:18-bk-20169-ER;<br>Case No. 2:18-bk-20171-ER;<br>Case No. 2:18-bk-20172-ER;<br>Case No. 2:18-bk-20173-ER;<br>Case No. 2:18-bk-20175-ER;<br>Case No. 2:18-bk-20176-ER;<br>Case No. 2:18-bk-20178-ER;<br>Case No. 2:18-bk-20179-ER;<br>Case No. 2:18-bk-20180-ER;<br>Case No. 2:18-bk-20181-ER;<br><br>Chapter 11 Cases.<br><br>**MEMORANDUM OF DECISION (1) DENYING WITHOUT PREJUDICE *EX-PARTE* MOTION TO FILE MATERIALS UNDER SEAL AND (2) REQUIRING DEFENDANTS TO SUBMIT EVIDENCE SUPPORTING THE CONFIDENTIALITY OF THE MATERIALS BY NO LATER THAN JANUARY 30, 2020**<br><br>**[RELATES TO DOC. NO. 2]** |
| Verity Health System of California, Inc., et al.,<br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>Strategic Global Management, Inc., et al.,<br>　　　　　　　　　　　　　　Defendants | [No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed *Plaintiffs' Ex-Parte Motion for an Order Allowing Plaintiffs to File Correspondence Related to Complaint Under Seal* (the "Motion") [Doc. No. 2]. Pursuant to Civil Rule 78(b) and LBR 9013-1(j),[1] this matter is suitable for disposition without oral argument. For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE**.

## I. Background

Plaintiffs seek authorization to file the following materials under seal:

1) An August 13, 2018 letter from Strategic Global Management, Inc. ("SGM") to the Plaintiffs (the "Letter"), containing information regarding SGM's access to liquidity available in connection with SGM's offer to purchase certain of the hospitals operated by the Plaintiffs (the "Hospitals").
2) A non-binding draft term sheet sent by Defendants to Plaintiffs, dated October 3, 2019 (the "Term Sheet"), containing evidence regarding SGM's ability to finance its purchase of the Hospitals.

Plaintiffs also seek authorization to file under seal paragraphs 42 and 82 of their *Complaint for Breach of Contract, Promissory Fraud, and Tortious Breach of Contract (Breach of Implied Covenant of Good Faith and Fair Dealing)* (the "Complaint") [Doc. No. 1]. Paragraphs 42 and 82 contain allegations revealing information set forth in the Letter and Term Sheet.

Plaintiffs state that they are seeking to file the materials under seal in order to avoid litigation regarding the issue, given that SGM designated the materials as "highly confidential" when they were produced. Plaintiffs reserve the right to seek an order unsealing the Complaint for any purpose, including taking the position that the Letter and/or Term Sheet are not confidential.

## II. Findings and Conclusions

Section 107(b) provides in relevant part: "On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information." Commercial information is "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (internal citations omitted). The Court "must 'carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need' to seal the documents at issue. The reason is simple—court records are public records, and sealing abridges the public's right to know." *In re Faucett*, 438 B.R. 564, 568 (Bankr. W.D. Tex. 2010). In addition, "[t]he right of public access to judicial records … is 'fundamental to a democratic state' and is analogous to the First Amendment right to freedom of speech and of the press and to the Sixth Amendment guarantee of public trials." *In re Inslaw, Inc.*, 51 B.R. 298, 299 (Bankr. D.D.C. 1985).

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

    The Motion is not supported by sufficient evidence showing that the Letter, Term Sheet, and the allegations related thereto (collectively, the "Materials") constitute a trade secret or confidential research, development, or commercial information within the meaning of § 107(b). In support of their request to seal the Materials, Plaintiffs point only to the fact that SGM designated the Materials as "highly confidential" at the time they were produced. In view of the strong policy favoring disclosure, a party's unsubstantiated assertion that information is confidential is not sufficient.

    It appears that the impetus for the Motion is Defendants' designation of the Materials as "highly confidential." Therefore, the Court will require Defendants to submit evidence showing that the Materials fall within the scope of § 107(b). Defendants shall submit such evidence by no later than **January 30, 2020**. Upon review of Defendants' submission, the Court will determine whether further briefing or a hearing is required, and will notify the parties accordingly.

    The Court will enter an order consistent with this Memorandum of Decision.

###

Date: January 16, 2020

Ernest M. Robles
United States Bankruptcy Judge